FILED

JUL 2 0 2001

U.S. DISTRICT COURT
ELKINS WV 26241

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TONY DEAN ARBAUGH, JR.,
              Plaintiff,

VS.                                 CIVIL ACTION NO. _2:01cv 50_

BOARD OF EDUCATION, the County of Pendleton, a public corporation,
FERLIN HEAVENER, individually, and in his capacity as an employee
of the Pendleton County Board of Education,
CALVIN THOMPSON, individually, and in his capacity as Principal at
Circleville School for the Pendleton County Board of Education,
SANDRA HEDRICK, individually, and in her capacity as an employee
of the Pendleton County Board of Education,
ROBIN KILE, individually, and in her capacity as an employee of
the Pendleton County Board of Education,
JANICE RAINES, individually, and in her capacity as an employee of
the Pendleton County Board of Education,
CHARLES R. TETER, individually, and in his capacity as an employee
of the Pendleton County Board of Education,
DR. ALAN CONONICO, individually and in his capacity as Superin-
tendent and Principal of Circleville School for the Pendleton
County Board of Education,
JANIE OURS, individually and in her capacity as an employee of the
West Virginia Department of Health and Human Resources,
LORI THOMAS, individually and in her capacity as an employee of
the Children's Home Society of West Virginia,
WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES, a govern-
mental entity, and
CHILDREN'S HOME SOCIETY OF WEST VIRGINIA, a non-profit organi-
zation,
              Defendants,

## COMPLAINT FOR DAMAGES

Now comes Plaintiff, and represents unto the Court as
follows:

WALTERS,
KRAUSKOPF & ROTH
ATTORNEYS AT LAW
MOOREFIELD
WEST VIRGINIA

<u>Jurisdiction, Venue and Identification of Parties</u>.

1.    That this action is brought pursuant to the United States Constitution; 42 U.S.C. Section 1983, for violation of Plaintiff's civil rights; 42 U.S.C. Section 1985 (3), for claim for an injury arising from a conspiracy to violate Plaintiff's constitutional rights, and that this Court has jurisdiction of this action  pursuant to Title 28 of the U.S.C., Section 1331(a), over the causes of action herein alleged arising under the Constitution and the laws of the United States and supplemental jurisdiction over the remainder of the causes of action alleged pursuant to Article 3 of the United States Constitution and 28 U.S.C. Section 1367; and the amount in controversy in this civil action exceeds $75,000.00 exclusive of interest and costs.

2.    That the acts complained of in this Complaint occurred in and/or originated in Pendleton County, West Virginia, which is located in the Northern Judicial District of West Virginia; that the Plaintiff and each of the Defendants named herein are residents of and/or have principal and/or local offices situate within the judicial district of this Court, with the exception of Defendant Heavener who is currently incarcerated at the Mt. Olive penitentiary, and Defendant Cononico, who is a resident of Lincoln County, West Virginia, and Defendant Thomas who is a resident of Texas, and venue is proper.

3.    That Plaintiff, Tony Dean Arbaugh, Jr., (hereafter referred to as Plaintiff) is in the custody of the Department of Corrections, Northern Regional Jail, Moundsville, WV; that

**WALTERS,
KRAUSKOPF & ROTH**
ATTORNEYS AT LAW
MOOREFIELD
WEST VIRGINIA

Defendant, Ferlin Heavener, (hereafter referred to as Defendant Heavener) is a convicted child molester who is currently incarcerated in the Mt. Olive penitentiary; the Board of Education of the County of Pendleton, (hereinafter referred to as Defendant Board); is a public corporation with its principal office located in Franklin, Pendleton County, West Virginia; that Defendant Calvin Thompson, (hereinafter referred to as Defendant Thompson) is a resident of Grant County, West Virginia; that Sandra Hedrick (hereinafter referred to as Defendant Hedrick) is a resident of Pendleton County, West Virginia; that Defendant Robin Kile (hereinafter referred to as Defendant Kile) is a resident of Pendleton County, West Virginia; that Defendant Janice Raines (hereinafter referred to as Defendant Raines) is a resident of Pendleton County, West Virginia; that Defendant Charles R. Teter (hereinafter referred to as Defendant Teter) is a resident of Pendleton County, West Virginia; that Defendant Dr. Alan Cononico (hereinafter referred to as Defendant Cononico) is a resident of Lincoln County, West Virginia; that Defendant Janie Ours (hereinafter referred to as Defendant Ours) is a resident of Grant County, West Virginia; that Defendant Lori Thomas (hereinafter referred to as Defendant Thomas) is a resident of the State of Texas.  That Defendant, the West Virginia Department of Health and Human Resources is a governmental entity (hereinafter referred to as Defendant DHHR).  Its branch office is located in Petersburg, Grant County, West Virginia; that Defendant the Romney Shelter (hereinafter referred to as Defendant Shelter).is operated by the

3

Children's Home Society of West Virginia, located in Romney, Hampshire County, West Virginia. All of said individual Defendants are sued both in their individual capacity and their official capacity as employees of their respective employers.

### General Allegations

### Count I

4. That Plaintiff incorporates the allegations of paragraphs 1 - 3 into Count I of this Complaint by reference as if fully set forth herein.

5. That Defendant Heavener pleaded guilty to five counts of "Delivery of A Schedule One Controlled Substance", and twenty counts of "Sexual Assault in the Third Degree" on male students which includes Plaintiff herein, in the Circuit Court of Pendleton County, Criminal Action No. 99-F-19.

6. That Defendant Heavener was employed by Defendant Board as a grade school teacher and in his capacity as a teacher, he was vested with broad authority and responsibility for conducting and managing the students within his class.

7. That at all material times Defendant Heavener conducted the aforesaid activities with the knowledge, consent, and approval of Defendant Board.

8. That Plaintiff herein was a student at Circleville School and Defendant Heavener was one of his teachers.

9. That between February, 1993, until the spring of 1997, Defendant Heavener engaged in oral and anal sex with Plaintiff

**WALTERS, KRAUSKOPF & ROTH**
ATTORNEYS AT LAW
MOOREFIELD
WEST VIRGINIA

Arbaugh on approximately 100 occasions at the Circleville School and various places throughout Pendleton County.

10.  That Defendant Heavener supplied Plaintiff with alcohol and illegal drugs throughout said time period.

11.  That Defendants Cononico, Thompson, Hedrick, Kile, Raines and Teter had actual notice and knowledge of allegations that Defendant Heavener was supplying Plaintiff and other youngsters at Circleville School with illegal and illicit drugs and alcohol and that Defendant Heavener was engaging in illegal and illicit sexual activities with Plaintiff and other youngsters at Circleville School.

12.  That prior to the arrest and conviction of Defendant Heavener, Defendant Heavener had also committed other sexual acts upon other male students and had also supplied them with illegal drugs and alcohol, while the Defendants Cononico, Thompson, Hedrick, Kile, Raines, Teter and Defendant Board had actual notice and knowledge of same.

13.  That during Defendant Heavener's ten (10) years as a teacher at Circleville School, Defendant Heavener sexually abused other male students in the school system prior to and subsequent to assaulting Plaintiff.

14.  That Defendants Cononico, Thompson, Hedrick, Kile, Raines, Teter and Board had actual notice and knowledge that Defendant Heavener posed a significant threat to the health, safety, and welfare of the male members of the student body at

**WALTERS,
KRAUSKOPF & ROTH**
ATTORNEYS AT LAW
MOOREFIELD
WEST VIRGINIA

Circleville School, and Defendant Board had constructive notice and knowledge of same.

### Count II

15. That Plaintiff incorporates the allegations of paragraphs 1 - 14 into Count II of this Complaint by reference as if fully set forth herein.

16. That there existed in the Circleville School a widespread practice, custom, and/or policy, with the knowledge and acquiescence of the administrative personnel, including Defendants Cononico, Thompson, Hedrick, Kile, Raines, Teter, and other teachers and custodians of Circleville School, and the Defendant Board, of reckless indifference to and/or concealment of instances of known or suspected sexual abuse of male students by Defendant Heavener.

17. That this pernicious practice, custom and/or policy existed prior to and subsequent to the sexual assault by Defendant Heavener on the Plaintiff. However, its existence was unknown and unknowable to the Plaintiff at the time.

18. In support of the above averment, Plaintiff pleads with particularity the following:

19. That Defendants Cononico, Thompson, Hedrick, Kile, and Teter were employees of the Pendleton County Board of Education during most or all of Plaintiff's tenure at Circleville School. That Defendant Thompson was principal of Circleville School from 1988 through 1994. That Defendant Cononico was Superintendent from

WALTERS,
KRAUSKOPF & ROTH
ATTORNEYS AT LAW
MOOREFIELD
WEST VIRGINIA

1991 through 1994, and then principal from 1994 through 1997 at Circleville School. That Defendants Hedrick, Kile and Teter were teachers and/or service personnel during this time period.

20.   That a school janitor, Loye Nelson, reported an incident to Defendant Thompson in 1990, that he had observed Defendant Heavener and three boys, at least one of whom was nude, in a hot tub located in the basement of the Circleville School.

21.   That Defendant Thompson was advised by Doug Wimer that he witnessed Defendant Heavener engaging in oral sex with a male student from Circleville School, at a local cemetery in the Spring of 1991.

22.   That Defendant Thompson was told by Belvie Bennett, Jeremy Propst's grandmother, that Defendant Heavener was having sex with young school boys.

23.   That Defendant Thompson had information that Defendant Heavener was receiving drugs from Luther Junior Peck, an individual from the Big Run area of Pendleton County, and that Peck was meeting Defendant Heavener at the Circleville School for purposes of exchanging illegal and illicit drugs.

24.   That Defendants Cononico, Thompson, Hedrick, Kile and Raines, as employees of Defendant Board, were acutely aware of Defendant Heavener's illegal drug activity and had knowledge that Defendant Heavener was having sex with former and current male students at Circleville School, in the school and throughout various other places in Pendleton County.

**WALTERS,**
**KRAUSKOPF & ROTH**
ATTORNEYS AT LAW
MOOREFIELD
WEST VIRGINIA

25.   That in the early 1990's Defendant Hedrick took one of his victims to a mental health facility located in Petersburg, West Virginia.   Subsequent thereto, Defendant Thompson and Defendant Hedrick were made aware of the fact that the victim had named Defendant Heavener as the perpetrator of illegal and illicit sexual acts of and against the victim.

26.   That Defendant Thompson subsequently notified Defendant Cononico, who was Superintendent at that time, about this incident.

27.   That the pernicious custom, practice, and/or policy of the Pendleton County Board of Education and its employees or agents consisted of the following:

28.   Failing to report, pursuant to the requirements of child protective services laws, various instances of suspected sexual abuse of male students by Defendant Heavener.

29.   Failing to adequately investigate the numerous sexual and illegal drug allegations against Defendant Heavener.

30.   Failing to censure, reprimand or take any disciplinary action against Defendant Heavener, who the remaining Defendants should have had reason to believe posed a threat to the health, safety, and welfare of the male student population at Circleville School.

31.   Actively concealing reports of sexual abuse by Defendant Heavener from law enforcement personnel and students or former students by ignoring the overwhelming evidence with regard to Defendant Heavener's behavior.

WALTERS,
KRAUSKOPF & ROTH
ATTORNEYS AT LAW
MOOREFIELD
WEST VIRGINIA

32.   Failing to adopt, implement, and/or follow a proper policy or procedure to ensure the reporting of sexual abuse of students by school personnel.

33.   At all material times, a special custodial relationship existed between the Plaintiff as a student and the Defendant Board and Defendants Cononico, Thompson, Hedrick, Kile, Raines, Teter and other school personnel, who had actual knowledge of Defendant Heavener's drug and sexual activity with current and former male students at the school.

34.   That the reckless indifference and pernicious custom, practice and/or policy of the Board of Education of the County of Pendleton as set forth hereinabove created a climate wherein sexual predators such as Defendant Heavener could prey upon young male students with impunity.

35.   As a proximate result of the aforesaid custom, practice and/or policy of the Board of Education of the County of Pendleton, the Plaintiff was deprived of his rights, privileges, and immunities, specifically his right to be free in his person from sexual abuse guaranteed under the Fourteenth Amendment of the United States Constitution.

36.   As a further proximate result of the custom, practice and/or policy of the Board of Education of the County of Pendleton, the Plaintiff will require ongoing psychological counseling, arising from Defendants' gross negligence and/or intentionally ignoring to the abundant evidence indicating that Defendant Heavener was a sexual predator, and as a result

WALTERS,
KRAUSKOPF & ROTH
ATTORNEYS AT LAW
MOOREFIELD
WEST VIRGINIA

9

Plaintiff will and has incurred emotional pain and suffering; has suffered great pain of body and mind; and has suffered extreme humiliation, mental anguish, and impairment of his capacity to enjoy life, and has incurred other damages that Plaintiff will continue to suffer in the future.

### Count III

37. That Plaintiff incorporates the allegations of paragraphs 1 - 36 into Count III of this Complaint by reference as if fully set forth herein.

38. At all material times both prior and subsequent to the sexual assaults by Defendant Heavener on the Plaintiff, the individual Defendants were members of a conspiracy, in violation of 42 U.S.C. Section 1985(3), whose purpose was to conceal from the public instances of known and/or suspected sexual abuse of students by Defendant Heavener in the Defendant Board's school.

39. Said conspiracy was unknown and unknowable to Plaintiff at the time.

40. That the overt acts and furtherance of said conspiracy included the individual Defendants' consistent failure to respond appropriately to the various allegations and complaints of sexual abuse and illegal drug and alcohol use by Defendant Heavener, as set forth more fully above, and also the explicit or willful and wanton administrative response or lack thereof to each and every complaint and allegation even though there was overwhelming evidence that Defendant Heavener was in fact supplying illegal

WALTERS,
KRAUSKOPF & ROTH
ATTORNEYS AT LAW
MOOREFIELD
WEST VIRGINIA

10

drugs and alcohol to students at the Circleville School and sexually molesting not only Plaintiff but numerous other male students.

41. As a proximate result of the aforesaid conspiracy between the individual Defendants, the Plaintiff was deprived of his rights, privileges, and immunities secured by the Constitution and laws of the United States, specifically his right to be free in his person from sexual abuse guaranteed under the Fourteenth Amendment and his right under the First and Fourteenth Amendments of the United States Constitution, of free access to the Courts unimpeded by threats, coercion, or intimidation.

#### Count IV

42. The plaintiff incorporates the allegations of paragraphs 1 - 41 into Count IV of this Complaint by reference as if fully set forth herein.

43. The Pendleton County Board of Education is, and at all times relevant herein, was a recipient of federal financial funds and was and is currently subject to 20 U. S. C. Section 1681, also commonly referred to as Title IX.

44. Title IX of the education amendments in 1972 (20 U.S.C. Section 1681, et seq.) required the Pendleton County Board of Education to provide an environment free of discrimination on the basis of sex, and to protect Tony Arbaugh, Jr., and other infant male students generally against discrimination on the basis of sex.

WALTERS,
KRAUSKOPF & ROTH
ATTORNEYS AT LAW
MOOREFIELD
WEST VIRGINIA

11

45. The Defendants, Cononico, Thompson, Hedrick, Kile, Raines, Teter and Board created a continuing hostile environment of sexual harassment, discrimination and exploitation of the male student body generally, and Tony Arbaugh, Jr., particularly, by teachers and other school personnel and particularly by Ferlin Heavener, in that the specific conduct of Ferlin Heavener was unwelcome and offensive to Tony Arbaugh, Jr.; said misconduct was based on Tony Arbaugh, Jr.'s sex; such misconduct was sufficiently severe and pervasive to unreasonably interfere with Tony Arbaugh, Jr.'s school environment and education; and said pervasive and persistent misconduct by Ferlin Heavener created an intimidating, hostile and offensive educational environment for Tony Arbaugh, Jr..

46. The Defendants, Cononico, Thompson, Hedrick, Kile, Raines, Teter and Board by their conduct, individually and jointly and severally, created a continuing hostile environment for sexual harassment and exploition of the male student body generally, and Tony Arbaugh, Jr., particularly.

47. The Defendants, Cononico, Thompson, Hedrick, Kile, Raines, Teter and Board violated Title IX and Federal regulations related to Title IX, and their violation was and is the direct and proximate cause of past, present and future damages as aforesaid to Tony Arbaugh, Jr..

48. The Plaintiff is entitled to an award for compensatory and punitive damages arising from the Defendants Cononico,

**WALTERS,
KRAUSKOPF & ROTH**
ATTORNEYS AT LAW
MOOREFIELD
WEST VIRGINIA

Thompson, Hedrick, Kile, Raines, Teter and Board's, acts and/or omissions.

### Count V

49.   That Plaintiff incorporates the allegations of paragraphs 1 - 48 into Count V of this Complaint by reference as if fully set forth herein.

50.   The West Virginia Human Rights Act, <u>WV Code 5-11-1 et seq,</u> grants to West Virginia citizens the civil right to use places of public accommodations, including schools, and makes it unlawful to sexually molest and/or otherwise discriminate against individuals on the basis of their sex.

51.   The acts of the Defendants, as set forth herein, constitute unlawful sexual abuse and discrimination against Plaintiff Tony Arbaugh, Jr. on the basis of his sex and violation of the West Virginia Human Rights Act, <u>WV Code 5-11-1 et seq</u>.

52.   As a direct and proximate result of the Defendants' discriminatory acts as set forth above, Plaintiff Tony Arbaugh, Jr. has suffered and will continue to suffer  damages as aforesaid.

53.   Plaintiff Tony Arbaugh, Jr. is entitled to an award of compensatory damages and an award of punitive damages as a result of the Defendants' acts and/or omissions.

### Count VI

54.   That Plaintiff incorporates the allegations of paragraphs 1 - 53 into Count VI of this Complaint by reference as if fully set forth herein.

**WALTERS,
KRAUSKOPF & ROTH**
ATTORNEYS AT LAW
MOOREFIELD
WEST VIRGINIA

55.   That the acts of the Defendant, Ferlin Heavener, as set forth above, were undertaken in a willful, wanton, reckless, malicious and intentional manner and constitute unlawful sexual assault and battery against the person of Plaintiff, Tony Arbaugh, Jr..

56.   As a direct and proximate result of Defendant Heavener's sexual assault and battery set forth above, Plaintiff Tony Arbaugh, Jr. has suffered, and will continue to suffer damages as aforesaid.

57.   The Plaintiff is entitled to an award of compensatory damages and an award of punitive damages arising from Defendant Ferlin Heavener's acts.

### Count VII

58.   That Plaintiff incorporates the allegations of paragraphs 1 - 57 into Count VII of this Complaint by reference as if fully set forth herein.

59.   That Defendants Cononico, Thompson, Hedrick, Kile, Raines, Teter and the Board were under a duty to report suspected sexual misconduct on the part of Defendant Heavener.

60.   As a direct and proximate result of the Defendants Cononico, Thompson, Hedrick, Kile, Raines, Teter and the Board, failing to report the pernicious conduct of Defendant Heavener, which included the sexual assaults as aforesaid and the supplying of illegal and illicit drugs to Plaintiff and other male students that occurred during these Defendants' tenure at Circleville High School, Plaintiff Tony Arbaugh has suffered, and will continue to

**WALTERS,
KRAUSKOPF & ROTH**
ATTORNEYS AT LAW
MOOREFIELD
WEST VIRGINIA

14

suffer damages as aforesaid, and he is therefor entitled to an award of compensatory damages and an award of punitive damages arising from these Defendants' failure to act and report.

### Count VIII

61. That Plaintiff incorporates the allegations of paragraphs 1 - 60 into Count VIII of this Complaint by reference as if fully set forth herein.

62. Janie Ours was, at all times pertinent to this litigation, a person acting under color of state law, and was an employee of the State of West Virginia, Department of Health and Human Resources, hereinafter referred to as "DHHR," and is named as a Defendant herein in her individual capacity, and is subject to this Court's jurisdiction.

63. Lori Thomas was, at all times pertinent to this litigation, a person acting under color of state law, and was an employee of the Children's Home Society of West Virginia, which contracts with the West Virginia Department of Health and Human Resources to house children at the Romney Children's Shelter, hereinafter referred to as "Romney Shelter," and is named as Defendant herein in her individual capacity, and is subject to this Court's jurisdiction.

64. On or about April 22, 1996, the parental rights of Tony Dean Arbaugh, Sr. and Suwanna Arbaugh were terminated by the Circuit Court of Pendleton County. The infant children, one of which being the Plaintiff herein, were placed in DHHR custody.

WALTERS,
KRAUSKOPF & ROTH
ATTORNEYS AT LAW
MOOREFIELD
WEST VIRGINIA

65.   That DHHR placed the Plaintiff herein, along with his brother Brian Bennett, in the control and custody of the Children's Home Society of West Virginia, which operates the Romney Children's Center located in Romney, Hampshire County, West Virginia.

66.   By the removal of the children from the custody of the natural parents, Tony Dean Arbaugh, Sr. and Suwanna Arbaugh, the employees of DHHR and of the Romney Shelter, including but not limited to Janie Ours and Lori Thomas, assumed responsibility for, and were vested with the authority and responsibility for the custody, supervision and care of these children.

67.   Plaintiff herein and Brian Bennett, while placed at the Romney Children's Center, were under the supervision of case worker, Janie Ours.

68.   Defendants DHHR and the Romney Shelter were responsible for the custody, supervision and care of Plaintiff herein, and were vested with the authority of that responsibility pursuant to a Pendleton County Circuit Court Order dated April 22, 1996.

69.   In the Summer of 1996, Plaintiff and his brother Brian Bennett, along with the other children from the Romney Children's Shelter went on a field trip to Seneca Rocks located in Pendleton County.

70.   That on the bus ride to Seneca Rocks, case worker Lori Thomas questioned Plaintiff as to whether he would run away from the group, and Plaintiff answered that he made no promises.

WALTERS,
KRAUSKOPF & ROTH
ATTORNEYS AT LAW
MOOREFIELD
WEST VIRGINIA

71.  After arriving at Seneca Rocks, Plaintiff brother did in fact run away from the group.  The employees and/or agents of the Romney Children's Shelter left without retrieving Plaintiff or his brother.

72.  At all times pertinent hereto, employees and/or agents of the Romney Children's Shelter had reason to know that a field trip to the Seneca Rocks area would present a  great temptation for Plaintiff to run away.

73.  Defendant Janie Ours was the DHHR employee with the primary responsibility to assure that the Romney Children's Shelter provided a safe and secure environment for Plaintiff and the placement of Plaintiff in the care of the Romney Children's Shelter would provide a stable environment for Plaintiff.

74.  Plaintiff remained a runaway for approximately eight months, until he was apprehended by the State Police. DHHR personnel, including but not limited to Janie Ours, had reason to know of Plaintiff's whereabouts and of the possible physical abuse and emotional harm that could be inflicted upon him.  DHHR personnel, including but not limited to Janie Ours, failed to act in such a manner as to ensure the physical and emotional well-being of the Plaintiff and were deliberately indifferent thereto.

75.  Defendant Janie Ours at all times pertinent hereto, owed certain duties to Plaintiff, including:

a)  the duty to use reasonable care to place Plaintiff in a shelter that would provide a safe and stable environment;

WALTERS,
KRAUSKOPF & ROTH
ATTORNEYS AT LAW
MOOREFIELD
WEST VIRGINIA

b)     the duty to use reasonable care in retrieving Plaintiff once she was notified that Plaintiff and his brother had in fact run away;

c)     the duty to properly and vigorously search for and retrieve Plaintiff and his younger brother and to ascertain their whereabouts in a timely manner as required by law.

76.   As a direct and proximate cause of the negligence and deliberate indifference of Defendant Ours and Defendant Thomas, Plaintiff was permitted to fend for himself and as a result came in contact with his sexual abuser, Ferlin Heavener, who had been his former grade school teacher. Defendant Heavener immediately began to supply Plaintiff with drugs and alcohol and further began to sexually assault Plaintiff on a regular basis.

77.   Despite the fact that Defendant DHHR had received information that Plaintiff had been seen on numerous occasions in the Big Run area of Pendleton County, WV, they failed to actively search for Plaintiff.

78.   The negligence and the failure to act on the part of Defendant DHHR and Defendant Romney Shelter personnel, including but not limited to Defendant Ours and Defendant Thomas, resulted in the Plaintiff being so desperate that he turned to his sexual abuser to provide him with the necessities in life, including but not limited to food, clothing, and shelter.  As a result of the deliberate indifference shown by Defendant DHHR and Defendant Romney Shelter personnel, Plaintiff has suffered both physically and psychologically, and has suffered and will in the future

**WALTERS, KRAUSKOPF & ROTH**
ATTORNEYS AT LAW
MOOREFIELD
WEST VIRGINIA

suffer great mental anguish, and has incurred and in the future will incur expenses for medical treatment and psychiatric counseling and related services.

79.   The negligence, deliberate indifference and failure to act on the part of Defendant DHHR and Defendant Romney Shelter personnel resulted in Plaintiff being sexually assaulted by Defendant Heavener thus depriving him of his rights, privileges and immunities as provided under the United States Constitution.

80.   The negligence and deliberate indifference of the Defendant Romney Shelter and Defendant DHHR personnel resulted in the infliction of physical and emotional harm upon Plaintiff.

81.   As a direct result of the actions and deliberate indifference of DHHR employee Janie Ours and Romney Shelter employee Lori Thomas, individually and collectively, in concert with one another, Plaintiff has been deprived of his right to physical security and safety as guaranteed to him under the Fourteenth Amendment of the United States Constitution, including the right to be free of sexual abuse.

82.   Defendants Ours, DHHR, Lori Thomas and the Romney Shelter deprived Plaintiff of his rights under West Virginia State Law to be free from negligence, from sexual assault and battery, from intentional infliction of emotional distress, and from sexual abuse while in their custody.

83.   Plaintiff is entitled to an award of compensatory damages and an award of punitive damages arising from all of the

WALTERS,
KRAUSKOPF & ROTH
ATTORNEYS AT LAW
MOOREFIELD
WEST VIRGINIA

above Defendants' actions, inactions, negligence, and failure to report suspected child abuse.

WHEREFORE, PLAINTIFF DEMANDS JUDGEMENT against the Defendants as follows:

1. Compensatory damages from the Defendants, jointly and severally, in an amount to be determined by a jury from the evidence presented at the trial of this civil action.

2. Punitive damages against the Defendants in an amount to be ascertained by the jury, and an award of pre-judgment and post-judgment interest on all sums awarded.

3. Attorney Fees

4. A recovery of all Court costs incurred in and about the prosecution of this civil action.

5. Such other general and specific relief as is appropriate.

<u>TONY DEAN ARBAUGH, JR.</u>
Plaintiff - by Counsel

WALTERS, KRAUSKOPF & ROTH
Attorneys at Law
P. O. Box 119
Moorefield, WV  26836

By: _____
Jeffrey R. Roth
WV State Bar #6803
Counsel for Plaintiff

**WALTERS,
KRAUSKOPF & ROTH**
ATTORNEYS AT LAW
MOOREFIELD
WEST VIRGINIA

20